IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANDREW REI,

               Plaintiff,

     v.                                                    CV-06-684-PK

MICHAEL J. ASTRUE, Commissioner of Social                        FINDINGS AND
Security,                                                 RECOMMENDATION

                    Defendant.

ALAN R. UNKELES
1869 NW 169th Place, No. 121
Beaverton, OR 97006

       Attorney for Plaintiff

KARIN J. IMMERGUT
United States Attorney
NEIL J. EVANS
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland OR 97204

MICHAEL McGAUPHRAN

1 - FINDINGS AND RECOMMENDATION

Office of the General Counsel
JOHANNA VANDERLEE
Special United States Attorney
701 5th Avenue, Suite 2900 M/S 901
Seattle WA 98104

      Attorneys for Defendant

PAPAK, Magistrate Judge

## INTRODUCTION

Plaintiff Andrew Rei brings this action for judicial review of a final decision of the Commissioner of Social Security denying his concurrent applications for disability insurance benefits (DIB) and supplemental security income payments (SSI) under Titles II and XVI of the Social Security Act.  The court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Commissioner's decision should be affirmed.

## BACKGROUND

Rei was born on November 1, 1964.  He completed high school and two years of college courses in radio broadcasting.  He worked as a radio announcer, usher, parking lot attendant, convenience store clerk/cashier and pizza preparer and deliverer.  Rei alleges his ability to work is limited by amnesia, auditory hallucinations, blackouts, depression, anxiety, sleep difficulty and chronic pain in his feet, legs, hands and shoulders.  He alleges disability beginning April 17, 2003.

## DISABILITY ANALYSIS

The initial burden of proof rests upon the claimant to establish disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995).  To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected . . . to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The Commissioner has established a sequential process of up to five steps for determining whether a person over the age of 18 is disabled within the meaning of the Act.  *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.  Rei does not challenge the ALJ"s conclusions at steps one and three of the decision-making sequence.

At step two of the decision-making sequence, the claimant must show that he has a severe impairment or combination of impairments.  *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).  If he cannot meet this *de minimis* burden, the Commissioner will find him "not disabled" without continuing to the remaining steps.  20 C.F.R. §§ 404.1520(c), 416.920(c); SSR 85-28.

Before reaching step four of the decision-making sequence, the ALJ must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained work-related activities the claimant can do on a regular and continuing basis, despite the limitations imposed by his impairments.  20 C.F.R. §§ 404.1520(e), 404.1545, 416.920(e), 416.945; SSR 96-8p.

At step four, the ALJ must determine whether the claimant retains the RFC to perform work he did in the past.  If so, the claimant is not disabled and the ALJ need not continue to step five. 20 C.F.R. §§ 404.1520(f), 416.920(f).

If the proceedings reach step five, the Commissioner must determine whether the claimant's RFC leaves him able to perform other work that exists in the national economy.  *Yuckert*, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e), (f), 416.920(e), (f).  Here the burden shifts to the Commissioner to show that a significant number of suitable jobs exist in the national economy.

*Yuckert*, 482 U.S. at 141-42; If the Commissioner meets this burden, then the claimant is not disabled.  20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ's FINDINGS

At step two, the ALJ found Rei's ability to work significantly affected by a history of amnesiac disorder and a depressive disorder.  She found that Rei had no physical impairments causing more than minimal impact on his ability to perform basic work activities.  She assessed Rei's RFC as follows:

> The claimant has no exertional limitations.  He retains the ability to perform work involving simple, repetitive tasks not requiring excellent long-term memory.

Tr. 24.[1]

At step four, the ALJ determined that Rei's RFC did not preclude work activities required in his past relevant work as a pizza deliverer.

In the alternative, at step five, the ALJ determined that Rei remained capable of performing other work in the national economy.  She identified two examples of such work drawn from the testimony of an impartial vocational expert (VE): parking lot attendant and cashier.  Although Rei performed these jobs in the past within the relevant period, the ALJ did not rely on them as past relevant work.  Instead, she utilized evidence from the VE to satisfy the Commissioner's burden at step five of proving that they existed in significant numbers in the national economy.

Because Rei could perform past relevant work and/or other work in the national economy, the ALJ concluded that Rei was not disabled, as defined by the Social Security Act.

---

[1]Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record filed with the Commissioner's Answer. (Docket # 8).

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence and resolving ambiguities. *Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the court may not substitute its judgment for that of the Commissioner. *Batson v. Commissioner of Social Security*, 359 F.3d 1190, 1193 (9th Cir. 2004). The Commissioner's decision must be upheld, even if the "evidence is susceptible to more than one rational interpretation." *Andrews*, 53 F.3d at 1039-40.

## DISCUSSION

Rei contends the ALJ erred at step two by failing to find his carpal tunnel syndrome severe within the meaning of the regulations. He contends the ALJ assessed his RFC improperly because she failed to develop the record regarding his carpal tunnel syndrome and did not accurately reflect his mental impairments. Rei asserts that the evidence does not support the finding that he worked in the past as a pizza deliverer and can return to that work. He challenges the vocational evidence elicited by the ALJ with a hypothetical question that did not include limitations on the use of the hands and fingers.

5 - FINDINGS AND RECOMMENDATION

### I.    Severe Impairments

At step two of the sequential evaluation, the claimant must show that he has any combination of impairments that significantly limits his ability to perform basic work activities. *Yuckert*, 482 U.S. 146. If he cannot meet this threshold burden, the Commissioner will find him "not disabled" without continuing to the remaining steps in the five-step decision-making sequence. 20 C.F.R. §§ 404.1520(c), 416.920(c); SSR 85-28. It is a *de minimis* screening device to dispose of groundless claims. *Smolen v. Chater,* 80 F.3d 1273, 1290 (9th Cir. 1996).

Rei's argument fails to show an error at step two because the ALJ did not deny his claim at that step. Instead, the ALJ found that he surmounted the *de minimis* severity screening by showing that he has a combination of impairments that limits his ability to perform basic work activities. The ALJ properly continued to the remaining steps of the sequential decision-making process.

After a claimant has surmounted the *de minimus* burden at step two, the regulations require the ALJ to consider the functional limitations from all medically determinable impairments in the remaining steps of the sequential evaluation process. 20 C.F.R. §§ 404.1523, 416.923. Accordingly, the remaining issue is whether the ALJ properly considered all the evidence of functional limitations attributable to carpal tunnel syndrome in her assessment of Rei's RFC.

Rei complained of hand pain among a variety of other symptoms during visits to the Multnomah County Health Department in 2004. Rei's examinations included Phalen's maneuver and Tinel's sign, two tests used in diagnosing carpal tunnel syndrome. In April 2004, Rei had positive results on Phalen's maneuver, but a negative Tinel's sign. In June 2004, both were positive. The medical staff indicated possible carpal tunnel syndrome and gave Rei a referral for nerve conduction studies. There is no record that Rei followed through with the referral. He testified,

however, that nerve conduction studies were performed and that the results did not support any specific diagnosis.

Even assuming there was a diagnosis of carpal tunnel syndrome, a diagnosis without significant functional limitations has no vocational significance. The mere fact that a condition has been acknowledged with a medical diagnosis does not establish functional limitations. *See Key v. Heckler,* 754 F.2d 1545, 1549-1050 (9th Cir. 1985); *Young v. Sullivan,* 911 F.2d 180, 183-184 (9th Cir. 1990). The claimant has the burden of proving any limitations in his ability to do basic work activities. *Roberts v. Shalala*, 66 F3d 179, 182 (9th Cir 1995); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

Rei did not show that carpal tunnel syndrome limited his ability to perform basic work functions. Although Rei underwent frequent physical examinations, no medical provider noted paresthesias or muscle weakness in his hands, wrists or forearms. Rei did not include carpal tunnel syndrome in his disability reports or the long narrative comments he appended to his claim forms. His work history did not reflect work he was unable to perform due to carpal tunnel symptoms. He did not receive treatment for hand pain other than over-the-counter Ibuprofen. Rei reported activities that require typical use of the hands, including housework, cooking, shopping, keyboarding on a laptop computer, reading and doing laundry.

In summary, the evidence of carpal tunnel syndrome includes only an equivocal diagnosis uncorroborated by nerve conduction studies, and subjective claims which the ALJ found lacking in credibility. Notably, Rei does not challenge the ALJ's credibility determination. Based on the record as a whole, the ALJ could reasonably conclude that Rei failed to carry the burden of showing that he has significant impairment from carpal tunnel syndrome.

7 - FINDINGS AND RECOMMENDATION

## II.    Development of the Record

Rei also asserts that the ALJ failed to adequately develop the record as to his carpal tunnel syndrome.  He argues that the ALJ should have attempted to obtain a record of the nerve conduction study or determine whether the nerve conduction study was performed.

In Social Security cases, the ALJ has a duty to fully and fairly develop the record and to assure that the claimant's interests are considered.  *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983).  When a claimant is not represented by counsel, the ALJ must conscientiously probe and explore for all the relevant facts.  *Id.*; *Thompson v. Schweiker,* 665 F.2d 936, 941 (9th Cir. 1982).

This duty exists in tension with the claimant's burden of proof.  The claimant is responsible for identifying and obtaining the evidence that shows he is disabled.  20 C.F.R. §§ 404.704, 404.1512, 416.912.  "It is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so."  *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).  Rei failed to identify, obtain or present to the Commissioner records reflecting a nerve conduction study.

An ALJ's duty to develop the record further is triggered when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *Tonapetyan v. Halter,* 242 F.3d 1144, 1150 (9th Cir. 2001); *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).  Under such circumstances the ALJ may re-contact the claimant's physicians, continue the hearing or keep the record open after the hearing to allow for supplementation.

Here the evidence was not ambiguous and the ALJ did not find the record inadequate to make a determination.  The clinical findings were insufficient to diagnose carpal tunnel syndrome, but suggested the possibility.  Rei's physicians' referred him for nerve conduction studies to help

determine whether such a diagnosis was warranted. Although there is no record of the nerve conduction study, the ALJ properly probed and explored to determine whether it was relevant. The ALJ elicited testimony from Rei who said that the nerve conduction study did not support his claim.

Furthermore, even if the nerve conduction study might have provided support for a diagnosis of carpal tunnel syndrome, the record does not support the existence of any functional limitations from that condition.

Obtaining records of the alleged nerve conduction studies would serve no purpose in the present circumstances. At most it would support a diagnosis of carpal tunnel syndrome without any evidence of significant functional limitations. Rei's testimony indicates that it would not even support the diagnosis. The ALJ was not required to delay resolution of the case in order to obtain a medical record that the claimant admitted did not support disability.

### III.    <u>Mental Impairments</u>

Rei contends the ALJ's RFC assessment did not include any limitation on basic work activities to reflect his severe mental impairments. Basic work activities are the abilities and aptitudes necessary to do most jobs; examples of these include mental functions such as understanding, carrying out and remembering simple instructions. 20 C.F.R. §§ 404.1521(b), 416.921(b).

The ALJ found Rei limited to simple, repetitive tasks not requiring excellent long-term memory. Accordingly, Rei's argument is factually incorrect, because the RFC does reflect significant limitations in mental functions.

The ALJ's RFC assessment reflects the findings in the mental health reports and the record as a whole. Jana Zeedyk, Ph.D., performed a neuropsychological screening in April 2005. Dr.

Zeedyk observed that Rei appeared to have normal mood despite his claim of depression. Rei's scores on validity testing raised serious concern about whether he put forth full effort on testing. Dr. Zeedyk opined that his test scores likely understated his actual capacities.

Dr. Zeedyk diagnosed Rei with depressive disorder and a history of amnesiac disorder without present amnesia symptoms. She assessed Rei's functional limitations and concluded that he could understand, remember and carry out simple instructions. These findings are fully consistent with the ALJ's RFC assessment.

Rei fails to specify additional limitation he believes the ALJ should have included. He does not identify evidence the ALJ failed to consider. He simply argues that unspecified mental limitations were improperly omitted. This argument, unsupported by evidence in the record, does not satisfy the claimant's burden of proof.

This court is satisfied that the RFC reflects reasonable conclusions that can be drawn from the record as a whole about Rei's mental functioning. The ALJ's reasonable interpretation of the evidence should not be overturned. *Batson v. Commissioner of Social Security*, 359 F.3d at 1193; *Andrews v. Shalala*, 53 F.3d at 1039-40.

### IV.    Past Relevant Work

Rei challenges the ALJ's finding at step four that he remained capable of his past relevant work as a pizza deliverer. Rei argues that the evidence does not show he worked in the past as a pizza deliverer.

Rei's work history and earnings records show that he worked at the level of substantial gainful activity during each year from 1989 through 1993 at Portland Pizza Delivery No. 1, Portland Pizza Delivery No. 8, Pizza Hut and Domino's Pizza. Rei testified that he did not recall whether

he delivered pizza, made pizza or had a management position with these employers, but probably did "whatever jobs there are in a pizza place."  Tr. 412.

The ALJ relied on Rei's work history reports to conclude that Rei had worked in the past as a pizza deliverer.  Rei was in the best position to describe his past work experience and to obtain information from former employers, friends and family members about past work he could not recall.  The ALJ might reasonably have found that Rei's claimed lack of information in this regard was not credible.

It is unnecessary to decide whether the ALJ's interpretation of Rei's past relevant work was reasonable, however, because the ALJ made alternative findings that satisfied the Commissioner's burden of proof at step five.  The ALJ elicited testimony from the VE showing that Rei's RFC did not preclude him from performing other jobs that exist in significant numbers in the national economy.

Any error the ALJ may have committed in determining that Rei could perform has past relevant work as a pizza deliverer was harmless and does not negate the ALJ's alternative conclusion that Rei could perform other work as a lot attendant or cashier.  *Batson v. Commissioner*, 359 F.3d at 1197; *Booz v. Sec'y of Health and Human Serv.*, 734 F.2d 1378, 1380 (9th Cir. 1984) (harmless error standard applies in disability cases).

### IV.    Vocational Evidence

Rei's final contention is that the ALJ elicited testimony from the VE based on a vocational hypothetical question that did not include any limitations reflecting a limited ability to use the hands and fingers.

If a claimant is unable to perform past relevant work, the Commissioner must show that other work exists in the national economy that the claimant can do. *Andrews v. Shalala*, 53 F3d at 1043. The Commissioner can satisfy this burden by eliciting a VE's testimony with a hypothetical question that sets forth all the limitations of the claimant. *Id.* The hypothetical question need not include limitations the ALJ finds unsupported by the record. *Osenbrock v. Apfel,* 240 F.3d 1157, 1163-65 (9th Cir. 2001).

The ALJ's hypothetical question reflected all the limitations in her RFC assessment and Rei's challenges to the RFC assessment cannot be sustained for reasons described previously. It follows that the ALJ did not err by excluding additional hypothetical limitations to reflect subjective allegations which the ALJ found not credible or the effects of carpal tunnel syndrome the ALJ found unsupported by the record. Accordingly, Rei's contention that the Commissioner's determination was based on improper vocational testimony cannot be sustained.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

**RECOMMENDATION**

Based on the foregoing, the ALJ's findings and conclusion are based on correct legal standards and supported by substantial evidence. The Commissioner's final decision should be AFFIRMED and the case should be DISMISSED.

**SCHEDULING ORDER**

Objections to the Findings and Recommendation, if any, are due April 2, 2007. If no objections are filed, then the Findings and Recommendation will be referred to a district court judge and go under advisement on that date.

If objections are filed, the response is due no later than April 16, 2007. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district court judge and go under advisement.

IT IS SO ORDERED.

DATED this 19th day of March, 2007.

   /s/ Paul Papak
Paul Papak
United States Magistrate Judge